IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER LEE KNAPP,

      Plaintiff,    Civil Action No.
              3:18-CV-1253 (LEK/DEP)
  v.

SEAN M. FOX, NYSP Troop C,

      Defendant.

---

APPEARANCES:      OF COUNSEL:

FOR PLAINTIFF:

**[last known address]**
CHRISTOPHER LEE KNAPP, *Pro se*
Broome County Correctional Facility
P.O. Box 2047
Binghamton, New York 13902-2047

FOR DEFENDANT:

[NONE]

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

  This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by

*pro se* plaintiff Christopher Lee Knapp, a former Broome County

Correctional Facility ("BCCF") prison inmate who was released from

custody on December 6, 2018, and whose whereabouts is not currently known to the court. In his complaint, plaintiff alleges that defendant Sean M. Fox, a New York State Trooper, subjected him to the use of excessive force at the time of his arrest, in violation of his rights under the Fourth Amendment to the United States Constitution.

Since his release from prison, plaintiff has failed to provide notice to the court advising of his new address. Mail sent by the court to plaintiff's last known address has been returned as undeliverable. Since it is apparent that plaintiff has failed to comply with the court's requirement that he notify the court of his further change of address, I recommend that his complaint be dismissed.

I. BACKGROUND

Plaintiff commenced this action on or about October 24, 2018. Dkt. No. 1. At the time, plaintiff was confined in the BCCF, located in Binghamton, New York. *Id.* On October 30, 2018, Senior District Judge Lawrence E. Kahn issued an order administratively closing this action and denying plaintiff's *in forma pauperis* ("IFP") application as incomplete. Dkt. No. 5. In that decision, plaintiff was directed to either file a proper IFP application, signed and certified by an appropriate official at the facility, or pay the full $400.00 filing fee, within thirty days of the date of the order. *Id*.

Plaintiff filed a second application for IFP status, together with an inmate authorization form, on November 13, 2018. Dkt. No. 7. Senior District Judge Kahn thereafter issued a decision and order on November 14, 2018, staying the thirty-day deadline established in the October Order, Dkt. No. 5, and ordering the Broome County Sheriff, or an authorized official with the County, to either 1) complete, sign, and submit to the court the "Certificate" portion of plaintiff's second IFP; or 2) submit an affidavit explaining the reason he or she declines to do so. Dkt. No. 8. Upon receiving the completed IFP, Dkt. No. 9, Senior District Judge Kahn granted plaintiff's IFP application and the case was reopened. Dkt. No. 10. On that same date, the clerk issued a summons, together with General Order 25, and forwarded those items to the United States Marshals Service for service upon the named defendant. Dkt. Nos. 11, 12.

Judge Kahn's decision and order, the summons, and General Order 25 were mailed to the plaintiff at the BCCF. That mailing, however, was returned to the court as undeliverable. Dkt. No. 14. By letter dated December 17, 2018, a representative of the Broome County Sheriff's Office confirmed that plaintiff was released from the BCCF on December 6, 2018. Dkt. No. 13. Despite his change of circumstances, however, to date, plaintiff has failed to provide a current address where he can be

reached for purposes of communications from the court and defendant's counsel.

II. DISCUSSION

For reasons that are self-evident, this court's local rules require that "[a]ll attorneys of record and *pro se* litigants immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). As one court has observed with respect to this requirement,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King,* No. 84-3310, 1985 U.S. App. LEXIS 31736, at *4 (5th Cir. Mar. 19, 1985)).[1] Plaintiff was initially informed of this requirement when he was

---

[1] All unreported decisions cited to in this report have been appended for the convenience of the *pro se* plaintiff.

provided with the court's pro se notice and handbook. *See* Dkt. No. 4 at 2 ("You must immediately notify the Court of any change of address."). Plaintiff was to have been reminded of this obligation by Senior District Judge Kahn in the decision and order dated December 11, 2018. *See* Dkt. No. 10 at 9. Unfortunately, however, that decision and order was sent by the court to plaintiff's last known address and was subsequently returned as undeliverable. Dkt. No. 14.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[2] Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. In addition, it should be exercised with caution and restraint because

---

[2] Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.' " *Rodriguez*, 2007 WL 4246443, at *2 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this court recognize this authority and mandate that the court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

5

dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff. *Baptiste*, 768 F.3d at 216-17.

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of five specific factors, including (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is appropriate. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)); *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999).

Based upon careful consideration of the foregoing relevant factors, I conclude that dismissal of plaintiff's complaint at this juncture is warranted. The inability of the court to communicate with plaintiff is due solely to plaintiff's failure to provide the court with his new address. While only a couple of months have elapsed since the time of commencement of this action, and the duration of plaintiff's failure to proceed in this action is

therefore modest, its effect on the litigation is nonetheless substantial, and there is no end to plaintiff's inaction in sight. Given plaintiff's manifest disinterest in pursuing his claims in this action, I find that the need to alleviate congestion on the court's docket and the defendant's interest in defending against the claims asserted by the plaintiff outweigh his right to receive a further opportunity to be heard in this matter. As required, I have considered less-drastic sanctions, but reject them as ineffective. For example, I am persuaded that issuing an order reprimanding plaintiff for his conduct would be futile, given that such an order would, in all likelihood, never reach plaintiff due to his failure to provide the court with a current address following his release from custody.

III. SUMMARY AND RECOMMENDATION

This matter obviously cannot proceed without notification to the court by the plaintiff of his current address. Since plaintiff has failed to fulfill his obligation to provide such notification, it is hereby

ORDERED, that the telephonic Rule 16 Conference in this action, currently scheduled for March 21, 2019 at 10:00 AM in Syracuse, is adjourned without date; and it is further respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED in its entirety, pursuant to Rule 41(b) of the Federal Rules of

Civil Procedure, based upon his failure to prosecute and to comply with this court's orders and local rules of practice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[3] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated: January 17, 2019
Syracuse, New York

---

[3] If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

8

**1996 WL 172699**
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Kevin DANSBY, Plaintiff,
v.
ALBANY COUNTY CORRECTIONAL FACILITY STAFF, Defendant.

No. 95-CV-1525 (RSP/RWS).
|
April 10, 1996.

**Attorneys and Law Firms**

Kevin Dansby pro se.

*ORDER*

POOLER, District Judge.

*\*1* In an order and report-recommendation dated December 8, 1995, Magistrate Judge Smith noted that Dansby had not signed the complaint he filed to commence this action. Magistrate Judge Smith directed Dansby to submit an affidavit which contained all of the representations delineated in Fed.R.Civ.P. 11(b) with respect to his complaint. The magistrate judge recommended dismissal of Dansby's action if Dansby failed to comply with the terms of the report-recommendation within forty-five (45) days from the date of the service.

On December 12, 1995, a copy of the report-recommendation was served on Dansby by regular mail to his last known address, the Albany County Jail. On December 22, 1995, the jail returned the report-recommendation marked "Return to Sender -- No Forwarding Order on File."

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962). The district court may exercise its discretion to dismiss when necessary to achieve orderly and expeditious disposition of cases.

*See Rodriguez v. Walsh,* 1994 W.L. 9688, at \*1 (S.D.N.Y. 1994).

Moreover, a plaintiff has the duty to inform the Court of any address changes. As the Fifth Circuit has stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (citing *Williams v. New Orleans Public Service, Inc.,* 728 F.2d 730 (5th Cir. 1984); *Wilson v. Atwood Group,* 725 F.2d 255 (5th Cir. 1984) (en banc)); *see Wehlen v. Foti et al.,* 1987 W.L. 8039, at \*1-2 (E.D.La. 1987); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without Dansby filing the affidavit described above or notifying the court of his current address. Therefore, it is hereby

ORDERED, that this action is dismissed. *See* Rules 5.4(b)(4) and 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail at his last known address.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1996 WL 172699

---

**End of Document**  © 2019 Thomson Reuters. No claim to original U.S. Government Works.

Positive
As of: January 17, 2019 3:38 PM Z

# [Perkins v. King](#)

United States Court of Appeals for the Fifth Circuit

March 19, 1985, Decided

No. 84-3310 Summary Calendar

**Reporter**
1985 U.S. App. LEXIS 31736 *

LIONEL PERKINS, JR., Plaintiff-Appellant, versus JOHN T. KING, Secretary, Department of Corrections, Et Al., Defendants-Appellees.

**Notice:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Prior History:** **[*1]** Appeal from the United States District Court for the Middle District of Louisiana.

**Disposition:** AFFIRMED.

## Core Terms

district court, parties, mailed, change of address, notice, prison, reconsideration motion, current address, dismissal order, address change, clerk of court, non-prosecution, communications, principally, inquiries, pretrial, abused, inform

**Judges:** Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

**Opinion by:** POLITZ

## Opinion

POLITZ, Circuit Judge:[*]

Lionel Perkins, Jr. appeals the denial of a [*Fed.R.Civ.P. 60(b)*](#) motion to reconsider an order dismissing his *42 U.S.C. § 1983* suit for failure of prosecution. Finding no abuse of discretion, we affirm.

Facts

In October 1981 Perkins, then an inmate at Hunt Correctional Center in St. Gabriel, Louisiana, filed a *§ 1983* complaint against the Secretary of the Louisiana Department of Corrections, Hunt's warden, associate warden, and two correctional officers. Perkins sought declaratory and injunctive relief, in addition to compensatory and punitive damages, for alleged violations of his civil rights, principally arising out of the confiscation of his typewriter. In December 1981 Perkins was transferred to Orleans Parish prison to await results of an appeal at which time he notified the clerk of his change of address. Subsequent communications were directed to Perkins at the Orleans Parish prison and mailings from the clerk of court during the spring of 1982 were apparently received. There is no suggestion that they were not received timely.

The briefs inform that **[*2]** during August 1982 Perkins was returned to Hunt and on March 19, 1984 he was incarcerated in Angola State Penitentiary. It was after the transfer to Angola that Perkins ostensibly learned of the district court's order of November 4, 1983 dismissing his case for non-prosecution. It appears that on October 26, 1983 the clerk of court mailed a notice calling for the filing of a pretrial order and cautioning that sanctions would be imposed if the parties failed to file that order within 30 days. This notice, mailed to Perkins at the Orleans Parish jail, was returned unclaimed. The record contains no change of address although Perkins claims in brief that he sent a change of address notification to the court after returning to Hunt. During the interim between his return to Hunt and the dismissal of his claim for non-prosecution in November 1983, Perkins directed no communication to the court and made no inquiry as to the status of his case. The record contains nothing to indicate that the New Orleans prison address was not Perkins' address in October 1983.

---

[*] **Local Rule 47.5** provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

On April 6, 1984 Perkins filed a motion for reconsideration of the order of dismissal. This motion was denied on April 13, 1984 and that [*3] ruling is the subject of the present appeal.

We pretermit an in-depth discussion about the timeliness of Perkins' actions seeking re-examination or review of the order of dismissal. We conclude that his motion of April 6, 1984 properly may be characterized as a request for relief under Rule 60(b) and, as such, was filed timely. Under this rule, the court may "relieve a party or his legal representatives from a final judgment . . . for . . . mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b). See United States v. O'Neil, 709 F.2d 361 (5th Cir. 1983); Fidelity and Dep. Co. of Md. v. Usaform Hail Pool, Inc., 523 F.2d 744 (5th Cir. 1975). Appellate review of the denial of a Rule 60(b) motion looks only to whether the district court abused its discretion. Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076 (5th Cir. 1984); Verret v. Elliot Equipment Corp., 734 F.2d 235 (5th Cir. 1984); Ammons v. Baldwin, 705 F.2d 1445 (5th Cir. 1983). We find no such abuse. "We may not treat the appeal from the ruling on the 60(b) motion as an appeal from the dismissal itself." Vela v. Western Elec. Co., 709 F.2d 375, 376 (5th Cir. 1983). A Rule 60(b) motion is not a substitute for a timely appeal and it may not be used as a means of extending the time for an appeal.

Stripped to essentials, it is apparent that the responsibility for the failure of the clerk to send the pretrial notice to Perkins' then current address is solely Perkins'. It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending [*4] actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing. See *Williams v. New Orleans Public Service, Inc., 728 F.2d 730 (5th Cir. 1984)*; **Wilson v. Atwood Group**, *725 F.2d 255 (5th Cir. 1984)* (en banc). Perkins did neither.

Although a contrary ruling would have been supportable, in light of the prevailing law the record does not support the conclusion that the district court abused its discretion in declining to grant Perkins Rule 60(b) relief.

AFFIRMED.

JUDGMENT

This cause came on to be heard on the record on appeal and was taken under submission by the Court upon the record WI briefs on file, pursuant to Rule 34;

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court that the order of the District Court appealed from in this cause be, and the same is hereby, affirmed.

March 19, 1985

**End of Document**

2007 WL 4246443
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Jose RODRIGUEZ, Plaintiff,
v.
Glen S. GOORD, et al, Defendants.

No. 9:04-CV-0358 (FJS/GHL).
|
Nov. 27, 2007.

**Attorneys and Law Firms**

Jose Rodriguez, Willard, NY, pro se.

Andrew M. Cuomo, Attorney General of the State of New York, David L. Cochran, Esq., Assistant Attorney General, of Counsel, Albany, NY, for Defendants.

### *DECISION AND ORDER*

FREDERICK J. SCULLIN, Senior District Judge.

**\*1** The above-captioned matter having been presented to me by the Report-Recommendation of Magistrate Judge George H. Lowe filed November 6, 2007, and the Court having reviewed the Report-Recommendation and the entire file in this matter, and no objections to said Report-Recommendation having been filed, the Court hereby

**ORDERS,** that Magistrate Judge Lowe's November 6, 2007 Report-Recommendation is **ACCEPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS,** that Defendants' motion, pursuant to Local Rule 41.2(b), to dismiss for Plaintiff's failure to provide notice to the Court of a change of address, is **GRANTED;** and the Court further

**ORDERS,** that the Clerk of the Court enter judgment in favor of the Defendants and close this case.

**IT IS SO ORDERED.**

### *REPORT-RECOMMENDATION*

GEORGE H. LOWE, United States Magistrate Judge.

This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of Practice for this Court. Generally, Jose Rodriguez ("Plaintiff") alleges that, while he was an inmate at Oneida Correctional Facility in 2003 and 2004, ten employees of the New York State Department of Correctional Services ("Defendants") were deliberately indifferent to his serious medical needs, and subjected him to cruel and unusual prison conditions, in violation of the Eighth Amendment. (Dkt. No. 27 [Plf .'s Am. Compl.].) Currently pending is Defendants' motion to dismiss for failure to provide notice to the Court of a change of address, pursuant to Local Rule 41.2(b) of the Local Rules of Practice for this Court. (Dkt. No. 86.) Plaintiff has not opposed the motion, despite having been given more than six weeks in which to do so. Under the circumstances, I recommend that (1) Defendants' motion to dismiss be granted, and (2) in the alternative, the Court exercise its inherent authority to *sua sponte* dismiss Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with an Order of the Court.

**I. DEFENDANTS' MOTION TO DISMISS**

Under the Local Rules of Practice for this Court, Plaintiff has effectively "consented" to the granting of Defendants' motion to dismiss, since (1) he failed to oppose the motion, (2) the motion was properly filed, and (3) Defendants have, through the motion, met their burden of demonstrating entitlement to the relief requested in the motion. L.R. 7.1(b)(3).

In particular, with regard to this last factor (i.e., that Defendants have met their burden of demonstrating entitlement to the relief requested), Defendants argue that their motion to dismiss should be granted because (1) Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action," (2) on April 15, 2004, Plaintiff was specifically advised of this rule when (through Dkt. No. 5, at 4) the Court advised Plaintiff that "his failure to [promptly

notify the Clerk's Office and all parties or their counsel of any change in his address] will result in the dismissal of his action," (3) on May 22, 2007, Plaintiff was released from the Willard Drug Treatment Center, (4) since that time, Plaintiff has failed to provide notice to the Court (or Defendants) of his new address, as required by Local Rule 10.1(b)(2), and (5) as a result of this failure, Defendants have been prejudiced in that they have been unable to contact Plaintiff in connection with this litigation (e.g., in order to depose him, as authorized by the Court on May 4, 2007). (Dkt. No. 86, Part 4, at 1-2 [Defs.' Mem. of Law].)

**\*2** Authority exists suggesting that an inquiry into the third factor (i.e., whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1[b][3] ) is a more limited endeavor than a review of a contested motion to dismiss.[1] Specifically, under such an analysis, the movant's burden of persuasion is lightened such that, in order to succeed, his motion need only be "facially meritorious."[2] Given that Defendants accurately cite the law and facts in their memorandum of law, I find that they have met their lightened burden on their unopposed motion. Moreover, I am confident that I would reach the same conclusion even if their motion were contested.

For these reasons, I recommend that the Court grant Defendants' motion to dismiss.

**II. *SUA SPONTE* DISMISSAL**
Even if Defendants have not met their burden on their motion to dismiss, the Court possesses the inherent authority to dismiss Plaintiff's Amended Complaint *sua sponte* under the circumstances. Rule 41 of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a proceeding for (1) failure to prosecute the action and/or (2) failure to comply with the Federal Rules of Civil Procedure or an Order of the Court. Fed.R.Civ.P. 41(b).[3] However, it has long been recognized that, despite Rule 41 (which speaks only of a *motion* to dismiss on the referenced grounds, and not a *sua sponte* order of dismissal on those grounds), courts retain the "inherent power" to *sua sponte* "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also Saylor v. Bastedo,* 623 F.2d 230, 238 (2d Cir.1980); *Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir.1972). Indeed, Local Rule 41.2(a) not only recognizes this authority but *requires* that it be exercised in appropriate circumstances. *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge *shall* order it dismissed.") [emphasis added].

**A. Failure to Prosecute**
With regard to the first ground for dismissal (a failure to prosecute the action), it is within the trial judge's sound discretion to dismiss for want of prosecution.[4] The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.[5]

**\*3** As a general rule, no single one of these five factors is dispositive.[6] However, I note that, with regard to the first factor, Rule 41.2 of the Local Rules of Practice for this Court provides that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). In addition, I note that a party's failure to keep the Clerk's Office apprised of his or her current address may also constitute grounds for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure.[7]

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal. The duration of Plaintiff's failure is some six-and-a-half months, i.e., since April 22, 2007, the date of the last document that Plaintiff attempted to file with the Court (Dkt. No. 85). Plaintiff received adequate notice (e.g., through the Court's above-referenced Order of April 15, 2004, and Defendants' motion to dismiss) that his failure to litigate this action (e.g., through providing a current address) would result in dismissal. Defendants are likely to be prejudiced by further delays in this proceeding, since

they have been waiting to take Plaintiff's deposition since May 4, 2007. (Dkt. No. 84.) I find that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this action. [8] Finally, I have considered all less-drastic sanctions and rejected them, largely because they would be futile under the circumstances (e.g., an Order warning or chastising Plaintiff may very well not reach him, due to his failure to provide a current address).

### B. Failure to Comply with Order of Court

With regard to the second ground for dismissal (a failure to comply with an Order of the Court), the legal standard governing such a dismissal is very similar to the legal standard governing a dismissal for failure to prosecute. "Dismissal ... for failure to comply with an order of the court is a matter committed to the discretion of the district court." [9] The correctness of a dismissal for failure to comply with an order of the court is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. [10]

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal for the same reasons as described above in Part II.A. of this Report-Recommendation. I note that the Order that Plaintiff has violated is the Court's Order of April 15, 2004, wherein the Court ordered Plaintiff, *inter alia,* to keep the Clerk's Office apprised of his current address. (Dkt. No. 5, at 4.) Specifically, the Court advised plaintiff that ***"[p]laintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do same will result in the dismissal of this action."*** (*Id.*) I note also that, on numerous previous occasions in this action, Plaintiff violated this Order, resulting in delays in the action. (*See* Dkt. Nos. 47, 48, 49, 50, 54, 59, 72, 78, 79 & Dkt. Entry for 12/15/06 [indicating that mail from the Court to Plaintiff was returned as undeliverable].)

**\*4** As a result, I recommend that, should the Court decide to deny Defendants' motion to dismiss, the Court exercise its authority to dismiss Plaintiff's Amended Complaint *sua sponte* for failure to prosecute and/or failure to comply with an Order of the Court.

**ACCORDINGLY,** for the reasons stated above, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 86) be *GRANTED%;* and it is further

**RECOMMENDED** that, in the alternative, the Court exercise its inherent authority to *SUA SPONTE DISMISS* Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with an Order of the Court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15 [2d Cir.1989] ); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e)..

**All Citations**

Not Reported in F.Supp.2d, 2007 WL 4246443

### Footnotes

1 *See, e.g., Hernandez v. Nash,* 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at \*7-8, 2003 WL 22143709 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before an unopposed motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious* ") [emphasis added; citations omitted]; *Race Safe Sys. v. Indy Racing League,* 251 F.Supp.2d 1106, 1109-10 (N.D.N.Y.2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3] ); *see also Wilmer v. Torian,* 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at \*2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M .J.) (applying prior version of Rule 7.1 [b][3], but recommending dismissal because of plaintiff's failure to

|   |   |
|---|---|
|   | respond to motion to dismiss *and* the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord, Carter v. Superintendent Montello,* 95-CV-0989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F.Supp. 595 (N.D.N.Y.1996) (Pooler, J.). |
| 2 | *See, e.g., Hernandez,* 2003 U.S. Dist. LEXIS 1625 at *8. |
| 3 | Fed.R.Civ.P. 41(b) (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant"). |
| 4 | *See Merker v. Rice,* 649 F.2d 171, 173 (2d Cir.1981). |
| 5 | *See Shannon v. GE Co.,* 186 F.3d 186, 193 (2d Cir.1999) (affirming Rule 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted]. |
| 6 | *See Nita v. Conn. Dep't of Env. Protection,* 16 F.3d 482 (2d Cir.1994). |
| 7 | *See, e.g., Robinson v. Middaugh,* 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, at *2-3, 1997 WL 567961 (N.D.N.Y. Sept. 11, 1997) (Pooler, J.) (dismissing action under Fed.R.Civ.P. 41[b] where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change); *see also* N.D.N.Y. L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action."). |
| 8 | It is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months). Simply stated, I am unable to afford Plaintiff with further special solicitude without impermissibly burdening the Court and unfairly tipping the scales of justice against Defendant. |
| 9 | *Alvarez v. Simmons Market Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) [citations omitted]. |
| 10 | *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) [citations omitted]. |

---

**End of Document**  © 2019 Thomson Reuters. No claim to original U.S. Government Works.